# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BASF CORPORATION,

    Plaintiff(s),

v.

AUTOMALL AUTO BODY, LLC, et al.,

    Defendant(s).

Case No. 2:20-cv-01080-RFB-NJK

**Order**

[Docket Nos. 28, 31]

Pending before the Court is Defendant's motion to compel. Docket No. 31; *see also* Docket No. 28. For the reasons discussed below, the motion is **DENIED** without prejudice.

## I.  PREFILING CONFERENCE CERTIFICATION

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v.*

*Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1]  Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place.  *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

The instant motion is supported by a bald certification that a good faith conferral was unsuccessful.  Docket No. 31 at 4.  Such conclusory attestation plainly does not provide the details required for the certification.  *See, e.g.*, *ShuffleMaster*, 170 F.R.D. at 170-71.

## II.  MEANINGFULLY DEVELOPED ARGUMENT

Courts only address well-developed arguments, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013), a requirement that applies with equal force to discovery motion practice, *see, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 & n.2 (D. Nev. Apr. 30, 2018).  "Parties may not merely identify an objection or response in seeking judicial intervention." *Oliva v. Cox Comms. Las Vegas, Inc.*, 2018 WL 6171780, at *4 (D. Nev. Nov. 26, 2018).  Hence, while it may ultimately be the responding party's burden of persuasion to defend against a motion to compel, the movant must still present meaningfully developed argument as to each particular discovery response in dispute.  *U.S. Bank, N.A. v. N. Am. Title Ins. Co.*, 2019 WL 5788302, at *2 (D. Nev. Nov. 6, 2019).

In this case, Defendants' motion consists of roughly one page of text, bereft of legal standards or analysis, asking the Court to overrule objections in the discovery responses that are then attached.  Even further afield, Defendants' motion asks the Court to require Plaintiff to sit for

---

[1] These requirements are now largely codified in the Court's local rules.  *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

deposition with no attached deposition notice or any explanation as to how such relief is properly awarded in this case. Given the failure to provide meaningfully developed argument, the Court declines to address the dispute presented.

**III.    CONCLUSION**

Accordingly, Defendants' motion to compel is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: May 12, 2021

_____
Nancy J. Koppe
United States Magistrate Judge